UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YASMINE EL-GOHARY,<br><br>                                    Plaintiff,<br><br>        - against -<br><br><br>POWER FINANCE, INC.; RANDHEEP FERNANDO, in his individual capacity; and ANDREW DUST, in his individual capacity;<br><br><br><br>                                  Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Case No. 1:23-cv-1506 |

Plaintiff Yasmine El-Gohary, by and through her attorneys, Hamilton Clarke, LLP and Scott Employment Law, P.C., alleges upon knowledge as to herself and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought against Defendants Power Finance, Inc. ("Power"), Randheep Fernando ("Defendant Fernando"), in his individual capacity, and Andrew Dust ("Defendant Dust"), in his individual capacity (collectively "Defendants"). Plaintiff is a former employee of Defendants. Plaintiff alleges that Defendants violated the New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq*.; § 296 ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq*.; § 8-502 ("NYCHRL") by terminating her employment in retaliation for her opposition to sex discrimination and a hostile work environment, or alternatively and additionally, because of her sex.

1

2. Plaintiff has initiated this action seeking loss of past and future earnings and benefits, emotional distress and other compensatory damages, punitive damages, interest, attorneys' fees and costs.

## JURISDICTION, VENUE, & ADMINISTRATIVE SERVICE

3. Jurisdiction is proper under 28 U.S.C. § 1332(a) because there is diversity of citizenship as neither the Plaintiff nor any of the Defendants shares a state of citizenship. Additionally, the jurisdictional amount at question exceeds the sum of $75,000.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Eastern District of New York.

5. Within ten (10) days of the filing of this Complaint, Plaintiff will serve copies of this Complaint pursuant to NYCHRL, § 8-502.

## JURY DEMAND

6. Plaintiff demands a jury trial on each and every claim to which they are legally entitled to a jury.

## PARTIES

7. Plaintiff is a citizen of the United States of America and a resident of the State of New York; she submits herself to the jurisdiction of this Court.

8. Plaintiff is a former employee of Defendants. Defendants employed Plaintiff from approximately January 2022, until on or about August 9, 2022. Plaintiff worked remotely in New York City for Defendants as a Senior Product Manager.

9. Defendant Power Finance, Inc. is a for-profit domestic corporation with its principal place of business located at 1 S. Dearborn Street, Chicago, Illinois 60603. Defendant Power Finance is incorporated in Delaware.

10. Defendants regularly do business in the city of New York, New York.

11. Defendant Power may be served with process through its Registered Agent, The Corporation Trust Company, at Corporation Trust Center 1209 Orange St., Wilmington, Delaware 19801.

12. On information and belief, Defendant Randheep Fernando is Co-Founder and Chief Executive Officer of Defendant Power, and is a resident of Illinois.

13. On information and belief, Defendant Andrew Dust is Co-Founder and Chief Financial Officer of Defendant Power, and is a resident of Illinois.

14. Defendants employed more than four (4) employees during all relevant times.

15. Defendant Power is and was an employer as defined under the NYSHRL and the NYCHRL during all relevant times.

16. Defendants Fernando and Dust are individually liable pursuant to NYSHRL § 296(1)(a) and pursuant to NYCHRL § 8-107(1)(a).

## STATEMENT OF FACTS

17. Plaintiff began working for Defendants as a Senior Product Manager in approximately January 2022.

18. Power advertises that it partners with companies "to deliver generational credit card programs" and markets itself as a company that is "reinventing global commerce."

19. Power's Founders are Chief Executive Officer, Randheep Fernando, and Chief Financial Officer, Andrew Dust.

20. On information and belief, Defendants Fernando and Dust both have an ownership interest in Power, and both exercise control over personnel decisions.

21. In approximately April 2022, Plaintiff relocated to New York and worked remotely, with Plaintiff's knowledge and permission, from her home located in Brooklyn, New York.

22. As a Senior Product Manager, Plaintiff's primary job duties included developing and prioritizing immediate and future product requirements for the Engineering Team, maintaining roadmaps for future development, and managing multiple third-party vendors integral to the solution.

23. Beginning in approximately May 2022, several of Defendants' male employees began subjecting Plaintiff to discriminatory comments and actions based on her sex. For example, Plaintiff was often faced with condescending comments from male colleagues, "mansplaining," and dismissiveness whenever she attempted to make a suggestion in the workplace, and Plaintiff was excluded from material decisions, which directly impacted her ability to do her job.

24. Plaintiff made several complaints to her direct manager, Head of Product, Jordana Cohen about the mistreatment and discrimination.

25. Specifically, Plaintiff complained that she was being subjected to a toxic work culture, aggression, and condescending comments.

26. The discrimination to which Plaintiff was subjected impacted the terms and conditions of her employment as she was shut out of material decisions and repeatedly undermined in communications with male employees.

27. On information and belief, Ms. Cohen escalated Plaintiff's complaints to Power's Director of Talent, Vanessa Shier, as well as to Defendant Fernando.

28. Despite Plaintiff's protected activity, Defendants took no substantive action regarding Plaintiff's several complaints.

29. On information and belief, around this same time period, several of Defendants' other female employees also complained of a toxic work culture and sex discrimination.

30. Instead of rectifying the situation that was driving away female employees, during company-wide meetings, Power's two male Founders often praised the Engineering Team (predominantly male), while completely disregarding the work and efforts of the Products Team (predominantly female).

31. On or about June 22, 2022, Plaintiff complained to Chief Technology Officer, Vikas Ghandi, via Slack about an interaction in which one of Mr. Ghandi's male team members, Eric Pearson, spoke to Plaintiff in a condescending manner.

32. Mr. Ghandi did not respond to Plaintiff's complaint.

33. On or about July 13, 2022, Plaintiff sent a message via WhatsApp to a group of women in fintech seeking guidance on "navigating misogynistic power dynamics across multiple levels" in the workplace.

34. Unbeknownst to Plaintiff at the time, one of the women in the group had a close relationship with Power's Chief of Staff, Alex Steiner, and, on information and belief, made him aware of Plaintiff's message.

35. On information and belief, Mr. Steiner shared this information with Defendant Dust.

36. Thereafter, on or about July 15, 2022, Plaintiff met individually with Defendants Fernando and Dust. Plaintiff complained to each of them separately that she felt she was working in a "toxic culture" and that she felt "uncomfortable" due to the condescending comments, "mansplaining," and dismissiveness that she regularly experienced from her male colleagues.

5

37. Furthermore, Plaintiff complained that Defendants had a tendency to praise the majority-male Engineering Team, while failing to acknowledge the majority-female Products Team.

38. On or about August 9, 2022, after Plaintiff's complaints regarding, and opposition to, the discriminatory working environment, and after Defendant Dust learned of Plaintiff's message complaining of "misogynistic power dynamics," Defendants retaliated against Plaintiff by terminating her employment.

39. In the August 9, 2022 termination meeting, Defendant Dust expressly discussed Plaintiff's discrimination complaints, denied that Plaintiff's complaints of misogyny had any validity, claimed that Plaintiff was the only employee at Power experiencing such issues, despite the numerous discrimination complaints made by Defendants' other female employees, and claimed that this was all a "[her] problem." Defendant Dust also expressly referred to Plaintiff's text message regarding misogyny at Power before terminating her employment.

40. Plaintiff's complaints and opposition to discrimination detailed above constituted protected activity under the NYSHRL and the NYCHRL.

41. No reason was provided for Plaintiff's termination.

42. On information and belief, Defendants Dust and Fernando jointly made the decision to terminate Plaintiff's employment with Power.

43. Defendants terminated Plaintiff's employment because of her opposition to sex discrimination and a hostile work environment, or in the alternative, because of her sex.

44. Defendants' unlawful actions have resulted in significant emotional distress for Plaintiff.

45. Defendants' unlawful actions have resulted in lost earnings and benefits.

46. Defendants' unlawful actions were committed with reckless indifference in the face of a perceived risk that Defendants' actions would violate Plaintiff's protected rights under the NYSHRL and the NYCHRL and so, in addition to all other damages, Plaintiff also seeks punitive damages against Defendants.

## COUNT ONE
### Retaliatory Termination in Violation of NYSHRL and NYCHRL
### (Asserted Against all Defendants)

47. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

48. As set forth above, Plaintiff engaged in protected activity under the NYSHRL § 296 and the NYCHRL § 8-107.

49. Specifically, Plaintiff opposed Defendants' discriminatory practices and complained directly to Power's Founders about sex discrimination.

50. Furthermore, Plaintiff complained about "misogynistic power dynamics" via a WhatsApp message, which, on information and belief, was relayed to Defendant Dust.

51. As set forth above, Plaintiff was retaliated against, and her employment was terminated because she engaged in protected activity.

52. Defendants' conduct was reasonably likely to deter a person from engaging in such protected activity.

53. As a direct result of Defendants' unlawful actions as described above, Plaintiff has suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

54. As a result of Defendants' actions, Plaintiff has suffered and continues to suffer emotional distress.

55. Defendants' conduct was in conscious disregard of Plaintiff's rights.

56. Plaintiff therefore seeks compensatory damages, emotional damages, lost wages and benefits, front pay, reasonable attorneys' fees, the costs of disbursements of this action, punitive damages, interest, and any other damages permitted by law in an amount to be determined at trial.

**COUNT TWO**
**Discriminatory Termination Based on Sex in Violation of NYSHRL and NYCHRL**
**(Asserted Against all Defendants)**

57. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

58. Defendants discriminated against Plaintiff on the basis of her sex in violation of the NYSHRL § 296 and the NYCHRL § 8-107.

59. Defendants subjected Plaintiff to a toxic work culture, aggression, and condescending comments from male colleagues, which discrimination impacted the terms and conditions of Plaintiff's employment as she was shut out of material decisions and repeatedly undermined in communications with male employees.

60. Defendants terminated Plaintiff because she was a female employee who opposed sex discrimination and a hostile work environment.

61. As a direct result of Defendants' unlawful actions as described above, Plaintiff has suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

62. As a further result of Defendants' actions, Plaintiff has suffered and continues to suffer emotional distress.

63. Defendants' conduct was in conscious disregard of Plaintiff's rights.

64. Plaintiff therefore seeks compensatory damages, emotional damages, lost wages and benefits, front pay, reasonable attorneys' fees, the costs and disbursements of this action, punitive damages, interest, and any other damages permitted by law in an amount to be determined at trial.

**WHEREFORE**, by reason of the foregoing, Plaintiff hereby respectfully requests the following relief:

(1) An award of back pay, front pay, and benefits as against all Defendants;

(2) An award of compensatory damages and damages for mental anguish and emotional distress as against all Defendants;

(3) An award of punitive damages as against all Defendants;

(4) An award of pre- and post- judgment interest as against all Defendants;

(5) An award of attorneys' fees and costs as against all Defendants; and

(6) Any such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 27, 2023

HAMILTON CLARKE, LLP

By: /s/ Phillip C. Hamilton

Phillip C. Hamilton, Esq.
EDNY Bar No. 4807095
48 Wall Street, Suite 1100
New York, NY 10005
Telephone: (212) 729-0952
ph@hamiltonclarkellp.com

Justin M. Scott
(*Pro hac vice* application to be filed)
SCOTT EMPLOYMENT LAW, P.C.
160 Clairemont Avenue
Suite 610
Decatur, Georgia 30030

Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com

*Attorneys for Plaintiff*